# Roulhac *v.* Jones.

## *Bill in Equity for Foreclosure of Mortgage.*

1. *Rents and profits, at law and in equity, as between mortgagor and mortgagee.*—*At law,* a mortgage of lands vests in the mortgagee a legal estate *in presenti,* subject to be defeated by the performance of the condition without default; and after the law-day, default being made, the estate is relieved of the condition, the mortgagee becomes the owner, and entitled as such to the rents and profits, leaving in the mortgagor nothing but an equity of redemption, of which a court of law takes no notice. *In equity,* the mortgage is regarded as a mere incident of the secured debt; the mortgagor is held to be the owner, and entitled ultimately to the benefit of the rents and profits received before foreclosure; and the mortgagee will be required to account for them from the time he took possession, and to apply them in reduction or extinguishment of the mortgage debt.

2. *Same.*—When the morgagee, having taken possession after default, afterwards sells the land under a power contained in the mortgage, reserving the rents accruing for the current year, and becoming himself the purchaser at the sale, he is liable for the reserved rents afterwards collected, as for those received before the sale.

3. *Partial foreclosure, or redemption.*—Where a mortgage conveys several distinct parcels of land, the mortgagor can not, before foreclosure, redeem a part only of the premises, thereby dividing the debt and the security; and though the mortgagee may, after default, take possession of a part of the premises, and foreclose as to a part by a sale under the power, becoming himself the purchaser, his liability for the rents, on a final accounting under a bill to foreclose or redeem, is not thereby lessened, nor the rights of the mortgagor prejudiced.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 23d August, 1883, by Thomas R. Roulhac, against Allen C. Jones and others; and sought the foreclosure of a mortgage, a copy of which was made an exhibit to the bill. The mortgage, which was dated June 4th, 1872, was given by said Jones to secure the payment of his five notes, each for $1,895.07, payable to said Roulhac, as guardian of several infants, on the 1st January, 1875; each note being for the amount of a decree rendered by the Probate

[Roulhac v. Jones.]

Court against the said Jones, in favor of the infants respectively, and the notes and mortgage being taken by the guardian as an investment of the moneys due on the decrees.    The lands conveyed by the mortgage were—1st, an undivided one-half interest in a tract of land called the "Mill place," which contained about fifteen hundred acres; 2d, another tract of land, called the "Williams place," which contained about three hundred and twenty acres; and, 3d, a dwelling-house and adjacent land in Greensboro, which was the homestead of said Jones, and which contained about sixteen acres.    Afterwards the "Mill place" was divided, by agreement, between said Jones and the other tenants in common, and one-half was allotted to him in severalty.    On the 1st January, 1878, no part of the mortgage debts having been paid, and one of the infants having attained majority, the complainant took possession of the lands belonging to the "Mill place," with the consent of Jones; and the tenants having attorned to him, he collected the rents for the year 1878, as the bill alleged, "as mortgagee in possession."    In September, 1879, before the rents for the year were due, the complainant sold these lands, under the power contained in the mortgage, having subdivided them, at the request of Jones, into three parcels; and he became himself the purchaser of one of these parcels, at the price of $20 10, and obtained a conveyance through the agency of a third person as the nominal purchaser.    The complainant alleged, in his bill, that he made this purchase at the instance and request of Jones, who thought the lands were worth more than $20 per acre. The rents for the year 1879 were expressly reserved from the sale, and were afterwards collected by the complainant; and afterwards, in May, 1881, he sold the "Williams place" under the power contained in the mortgage.    The purpose and prayer of the bill was, that the complainant's title to the lands so purchased by him might be declared and established by the decree of the court, unless Jones elected to disaffirm the sale, if he had not already lost the right of election; that an account might be taken of the mortgage debt, and that the house and land in Greensboro be sold for the satisfaction of the amount found due.

An answer to the bill was filed by Jones, ratifying the purchase of the lands by the complainant at his own sale, though he denied that he had requested plaintiff to make the purchase; and he insisted that the complainant was liable to account for the rents collected for the year 1879, as well as 1878. On final hearing, on pleadings and proof, the chancellor rendered a decree foreclosing the mortgage, and charging the complainant, in the accounting, with the rents of the years 1878 and 1879.    The complainant appeals from this decree, and as-

[Roulhac v. Jones.]

signs as error that part which holds him chargeable with the rents.

THOS. R. ROULHAC, for appellant.

WEBB & TUTWILER, *contra.* (No briefs on file.)

CLOPTON, J.—It may be regarded as settled, that in this State two different theories of a mortgage are recognized, dependent upon the *forum*—one which prevails in a court of law, and another in a court of equity. The relations of the mortgagor and mortgagee, and their rights as between themselves, are considered differently, according to the rules and practice of the court in which they are adjudicated.

At law, a mortgage of lands vests in the mortgagee a legal estate *in presenti*, with a condition, by which it may be defeated. After the law-day, the condition being unperformed, the estate is relieved of the condition, and the mortgagee becomes the owner, and is entitled to receive the rents and profits. Before the law-day has passed, the mortgagor may re-invest himself with his original estate, by a strict performance of the condition. After the law-day, and after default, his only right is an equity of redemption, of which a court of law takes no notice.

In a court of equity, a mortgage is regarded as a mere incident to, and security for the debt, and not as the conveyance of an estate. The mortgagor is held to be the true owner, and entitled, ultimately, to the benefit of the rents and profits received before foreclosure. A mortgagee in possession is treated as a trustee of the rents and profits for the use of the mortgagor, from the time he actually entered into possession, and will be required to apply them in reduction, or, if sufficient, in extinguishment of the mortgage debt.— *Welch v. Phillips*, 54 Ala. 309; *Scott v. Ware*, 65 Ala. 174; *Dozier v. Mitchell*, 65 Ala. 511; 2 Jones on Mort. § 1114.

The liability of a mortgagee in possession to account, as a general rule, and upon equitable principles, for rents and profits, is not denied by appellant. The contention is, whether a mortgagee who entered into possession, after the law-day, of one parcel of land, where the mortgage conveys several separate and distinct parcels, and received the rents thereof, and who subsequently foreclosed the mortgage as to all the parcels but one, by a sale under the power contained in the mortgage, and became himself the purchaser of a subdivision of the land from which the rents were received, is liable, on a bill filed by him to foreclose as to the land unsold, to account for, and apply in reduction of the mortgage debt, the rents thus re-

ceived; the mortgagor not seeking to redeem the particular land from which they were derived, but affirming the purchase by the mortgagee? We say the rents were received before foreclosure, for the reason, that the mortgagee received the rents for 1878, and although the land from which they were received was sold in September, 1879, the rents for that year were reserved and collected by the mortgagee, and he is estopped from denying that he received them in trust for the mortgagor, and is bound to apply them in reduction of the mortgage debt, if otherwise he is liable to account for them.

At law, the mortgagee is not liable to account for rents and profits. Their receipt, by a mortgagee in possession, to an amount sufficient to extinguish the mortgage, is not a legal satisfaction. An application of them to the debt must be made, before any payment results. The right of the mortgagor to account, and to such application, is incident to the equity of redemption, which is exclusively of equitable cognizance. This right, however, does not necessarily depend upon an *active* exercise of the right of redemption. The rents are applied as an equitable set-off to the amount due on the mortgage, and the right to an account arises on a bill filed by the mortgagee to foreclose.—*Toomer, Sykes & Billups v. Randolph*, 60 Ala. 356; *Daniel v. Coker*, 70 Ala. 260; 2 Jones on Mort. § 1115. Hence it has been held, that when a mortgagee comes into equity for a foreclosure, his bill is wanting in equity, without an offer to account for the rents and profits, which the mortgagor has a right to have applied to the payment of the mortgage debt.—*Denby v. Mellgrew*, 58 Ala. 147.

There is no compulsion on the mortgagee to enter into possession of the mortgage premises after the law-day. He may or may not enter, or intercept the rents, at his election. If he does not, the mortgagor is entitled to receive them, as the owner of the estate against all persons except the mortgagee and those claiming under him. On like principle, where the mortgage conveys several distinct parcels of land, the mortgagee may enter into possession of one, or more or all, as he may consider the security of his interests and the protection of his debt may require. But the exercise of his election to take possession of only one parcel does not operate to change or modify the character and capacity in which he receives and holds the rents, or to alter or defeat the right of the mortgagor to an account and application of them in reduction of the mortgage debt.

In the case of a mortgage, like the one under consideration, the mortgagee may foreclose as to a part of the lands by selling them under and in accordance with the power of sale. The effect of such sale is the same as a foreclosure in equity. If a

26

[Roulhac v. Jones.]

part of the lands thus sold are purchased by the mortgagee himself, the mortgagor may affirm or disaffirm such purchase in a seasonable time. If he affirms, as is done in this case, as to such parts, and also the portions purchased by third parties, he has left only the statutory right of redemption; but, as to the portions of the lands not sold, he still has the equity of redemption. Before foreclosure, the mortgagor can not compel the mortgagee to divide his debt and security, by redeeming a part only of the mortgage premises. There must be an entire payment of the debt, and an entire redemption. Neither can the mortgagee, by a partial foreclosure, override any right of the mortgagor that had previously accrued from the possession of any portion of the premises by the mortgagee.

The debt, which the mortgage is given to secure, is *one* debt. The unity of the debt constitutes the mortgage a unit. The lien extends equally to each separate parcel of land. There is, also, unity in the equity of redemption. Having been cut off as to part of the mortgage property by a partial foreclosure, it is restricted to the property as to which there has been no foreclosure, but remains the same equity of redemption, differing only in degree. The mortgagor has the right to redeem the undisturbed property by paying the amount due on the mortgage debt, estimated by equitable principles. His right is to have the debt credited with the sum of any equitable set-off he may have. The rents received before foreclosure by the mortgagee, in possession of a part only of the lands, will be applied in reduction of *the debt* secured by a pledge of all the lands, and not for the relief of the particular land from which derived, from the incumbrance of the mortgage.

When some of the mortgage lands were sold under the mortgage, it was the right of the mortgagor to have the debt reduced by the sum of the proceeds of the sales, and also, as an incident to his equity of redemption, by the rents received before foreclosure, after deducting necessary and proper expenditures. When, therefore, the appellant seeks by bill in equity to foreclose the mortgage on the remaining land, the rents received by him before foreclosure, with the rightful deductions, will be applied in reduction of the mortgage debt.

Affirmed.