# Leith *v.* Galloway Coal Co.

## *Bill to Redeem from Mortgage Foreclosure.*

(Decided June 11, 1914. Rehearing denied June 30, 1914.
66 South. 149.)

1. *Mortgages; Foreclosure; Redemption.*—The provisions of section 5746, Code 1907, are primarily for the benefit of the mortgagor and secondarily for the benefit of his creditors, to permit him by redemption to take advantage of any increase in the value of the land during the two year period.

2. *Same.*—Under section 5746, Code 1907, the statutory right of redemption does not come into existence until the equity of redemption is extinguished by foreclosure.

3. *Bankruptcy; Mortgage Foreclosure; Redemption.*—The right of redemption not being subject to sale under execution, does not pass to a purchaser from the trustee of the mortgagor in bankruptcy under section 5746, Code 1907.

APPEAL from Walker Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Belier Leith against the Galloway Coal Company to redeem from mortgage foreclosure sale. Decree for respondent, and complainant appeals. Affirmed.

Bill alleges the execution by the Douglass Coal & Coke Company on August 19, 1910, of a mortgage to the Galloway Coal Company to secure the payment of an indebtedness due from the mortgagor to the mortgagee. The bill also contains a description of the mortgaged property, and the mortgage is made an exhibit. It is alleged that the mortgagor became bankrupt and was adjudged on September 19, 1911, but prior to such adjudication the mortgagee in the above-described mortgage had foreclosed the same by sale; that in September, 1912, referee rendered a decree authorizing the trustee in bankruptcy to sell the equity of redemption of the bankrupt and the right to redeem, to-

gether with all the right, title, and interest in said bankrupt estate to the property conveyed by the mortgage and described in the bill, and in March, 1913, the trustee sold the same, reported his sale to the referee, which was duly confirmed and a deed was made to complainant as a purchaser at said sale; that in April, 1913, complainant, being desirous of redeeming said property, made written demand on Galloway Coal Company for a statement in writing of the debts and lawful charges claimed by it, and that said company has failed and refused to make such statement.

W. H. SMITH, and RAY & COONER, for appellant.

TILLMAN, BRADLEY & MORROW. M. M. BALDWIN, and J. A. SIMPSON, for appellee.

MAYFIELD, J.—The main question presented by this appeal for decision is whether or not the mortgagor's statutory right of redemption under section 5746 of the Code of Alabama of 1907 passes to a purchaser from the trustee of the bankrupt, where the equity of redemption had been cut off by a foreclosure, before the mortgagor was adjudicated a bankrupt. The purpose of our statute is held to be primarily for the benefit of the debtor, and secondarily for the benefit of his creditors and of others mentioned in the statute, by affording him first, and the others mentioned next, the advantage of any increase in the value of the lands during the two years next after the sale of the property.—*Posey v. Pressley*, 60 Ala. 250.

The statutory right of redemption does not come into existence until the equity of redemption is extinguished by a foreclosure. Prior to the Code of 1907 it was a mere privilege—neither property nor the right of prop-

erty—a mere privilege personal to the debtor. The right was made assignable by the Code of 1907, but only by the mortgagor or owner thereof. It is not yet made subject to sale under execution. It still retains its character of a personal privilege to the mortgagor or owner, or to others mentioned in the statute. The statute does not authorize this right or privilege to be assigned by any one except the debtor; while it confers the right on others specified, it does not authorize such others to assign the right, as it does the debtor.

The bill in this case shows that the equity of redemption was cut off by a foreclosure, before the mortgagor was adjudicated a bankrupt; hence no one except a person mentioned in the statute succeeded to the statutory right of redemption, and of course the right of redemption cannot be exercised by one who does not possess the right, and one cannot possess it unless he is included in the statute. Where the equity of redemption is thus cut off before the adjudication of bankruptcy, the statutory right may pass to the trustee or assignee by virtue of the adjudication of the mortgagor a bankrupt, but the right is not made assignable by him. Consequently a sale of the mortgaged property by the bankrupt court cannot pass to the purchaser the bankrupt's statutory right of redemption. For this reason the bill in this case shows no right, on the part of the purchaser at the bankrupt sale of the mortgaged property, to redeem. There could be no equity of redemption because this right was cut off by the foreclosure before the bankruptcy proceedings, and the statutory right did not pass by virtue of the sale by the trustee in bankruptcy.

It is true that, in the case of *Johnson v. Davis*, 180 Ala. 143, 60 South. 799, we decided that the trustee in bankruptcy was in law the "assignee" of the debtor,

and was therefore within the statute, and could exercise the statutory right of redemption; but we did not hold that the trustee could assign the right, or that it passed to a purchaser of the property from the trustee before the latter had exercised the rights conferred by the statute.

We have uniformly construed this statute, from its inception (and it has been often amended), as providing that the right or privilege conferred was not assignable and was not subject to levy or sale under process. We have so held as to the debtor himself, and as to judgment creditors. It is true that the statute as now amended does authorize the debtor to assign the right which, until the Code of 1907, was not the case, and now authorizes his assignee or vendee to exercise the right conferred by the statute; but it does not now authorize the debtor's assignee to again assign it, nor does it confer the right or power on any person or class mentioned in the statute, except the debtor himself, to so assign.

We are not willing to so construe the statute, to so extend it, that it should include those persons, or that class of persons, not included or intended by the Legislature. The statute is not merely a remedial one, to be liberally construed; in the respect as to whom are included, or upon whom the statutory right is conferred, it is in derogation of the common law, and must therefore be strictly construed; no person or class of persons is to be held to be included within the statute except where clearly and certainly embraced by its terms. There are other, subsequent, sections of the Code, intended merely to effectuate this statutory right conferred, which are strictly remedial, and may be liberally construed, but not such is the one now under

consideration, which confers a right not heretofore existing under the common law.

There may be trouble in the construction of this statute, where two or more persons or classes of persons mentioned in the statute attempt to assert or exercise the statutory right conferred; but that question is not in this case, and we shall not attempt to discuss or to decide it until it arises, if it ever does.

It follows that the chancellor reached the correct conclusion and rendered the proper decree, which decree is hereby affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.

### UPON APPLICATION FOR REHEARING.

MAYFIELD, J.—This case could well be affirmed on the authority of *Lewis v. McBride,* 176 Ala. 134, 57 South. 705. It was there held that a grantee of a mortgagor, after a foreclosure, was not an "assignee' of the statutory right of redemption" within the meaning of that phrase as used in section 5746 of the Code.

The complainant's only asserted right to redeem was that she was a purchaser from a trustee in bankruptcy, after foreclosure, and, of course, she was not an assignee of the statutory right of redemption.