(79 South. 13)

**BAKER, LYONS & CO. v. ELIASBERG & BROS. MERCANTILE CO.** (2 Div. 6555.)

(Supreme Court of Alabama. April 18, 1918.)

1. MORTGAGES ☞591(1) — STATUTORY RE-DEMPTION—WHEN RIGHT ACCRUES.

The statutory right of redemption under Code 1907, § 5746 et seq., is nonexistent until the equity of redemption is extinguished by a valid foreclosure.

2. MORTGAGES ☞594(5)—REDEMPTION—WHO MAY REDEEM UNDER STATUTE.

Where mortgagor died intestate and one of his sons mortgaged his interest to a corporation before the extinguishment by foreclosure of the equity of redemption vesting in him on the death of his father, the corporation was entitled to redeem under Code 1907, § 5746, giving right to redeem to debtor, "his" vendee, junior mortgagee, wife, child or his vendee, since the word "his" does not limit the right to the immediate vendee of the original mortgagor.

3. COURTS ☞52—CHANGE OF JURISDICTION—CIRCUIT COURT—EQUITY.

Since, under Code 1907, § 5748 et seq., and Acts 1911, p. 391, chancery courts had jurisdiction to enforce the right of redemption, and by General Acts 1915, p. 598, jurisdiction of chancery courts was conferred upon circuit courts, and by Acts 1915, p. 608, powers and authority of chancellors were conferred on circuit judges, and by Acts 1915, p. 279, effective January 15, 1917, law and equity courts were consolidated, the circuit court had jurisdiction to entertain and determine a bill to redeem under Code 1907, § 5746, which was filed in October, 1916, when a plea to the jurisdiction was filed in December, 1916, demurrer thereto was filed in April, 1917, and decree overruling the demurrer was rendered on May 2, 1917.

Appeal from Circuit Court, Wilcox County; B. M. Miller, Judge.

Bill in equity by the Eliasberg & Bros. Mercantile Company against Baker, Lyons & Co. Decree for complainant, and defendant appeals. Affirmed.

H. H. McClelland, of Mobile, for appellant. Pettus, Fuller & Lapsley, of Selma, for appellee.

THOMAS, J. The bill was filed in the circuit court in equity on October 30, 1916, for the redemption of certain real estate sold under the power of a mortgage. The mortgage in question was executed by J. H. Andrews and wife on October 30, 1908, to secure an indebtedness due the Monroe County Bank; and on January 4, 1912, the same was duly transferred by said bank to Baker, Lyons & Co. After the giving of this mortgage, and prior to the 13th day of May, 1914, the mortgagor husband died intestate, leaving as his only heirs at law four children, one of whom was G. W. Andrews. On the 13th day of May, 1914, said G. W. Andrews and his wife, to secure an indebtedness owing to Eliasberg & Bros. Mercantile Company, a corporation, gave that concern a mortgage on the undivided one-fourth interest in said lands vesting in him by descent upon the father's death. On the 31st day of October, 1914, which was after default, said trans-

ferees foreclosed said senior mortgage by sale pursuant to the terms thereof, and at such sale became the purchasers of the lands so conveyed, and received an auctioneer's deed thereto. Within two years after this foreclosure, said Eliasberg corporation, as a junior mortgagee of the undivided one-fourth interest in said lands, conveyed it by G. W. Andrews, served upon the purchasers at the foreclosure sale a written demand for a statement in writing of the debt, together with all lawful charges claimed by them as purchasers, as provided by section 5748 of the Code of 1907, as that section was amended by the Acts of 1911, p. 391. The purchasers failing to comply with such demand, the complainant, after the expiration of ten days, filed its bill to enforce its rights under the statute. Respondents demurred on the ground that there was "no equity in the bill" and their demurrer was overruled. Complainant's demurrer was sustained to respondent's plea, which plea was as follows:

"The act of the Legislature of 1915, page 598, does not confer upon the circuit court jurisdiction to enforce a statutory right of redemption where land is sold under power contained in the mortgage; that said statutory right of redemption is not a 'matter of equity.' ".

The cause was then submitted for final decree upon the pleadings and an agreed statement of facts, which was, in short, as we have heretofore recited; and the circuit court found that complainant was entitled to ascertainment of the amount due upon the senior mortgage, and to redemption. Complainant having complied with the decree as to redemption by it, a deed was executed to it by the register of the court, and on report thereof it was confirmed by the court.

Pretermitting for the moment consideration of the ruling of the trial court sustaining demurrer to complainant's plea to the jurisdiction of the circuit court to proceed in equity to a final determination of said cause, we will determine whether or not the Eliasberg corporation, as junior mortgagee, was entitled to redeem under the statute. Code, § 5746 et seq.

[1] It cannot be doubted that the statutory right of redemption is nonexistent until the equity of redemption is extinguished by a valid foreclosure. Dinkins v. Latham, 79 South. 493. Mr. Justice Mayfield observes that prior to the Code of 1907, redemption was "neither property nor the right of property," but was "a mere privilege" personal to the debtor; saying, further, that:

"The right was made assignable by the Code of 1907, but only by the mortgagor or owner thereof. It is not yet made subject to sale under execution. It still retains its character of a personal privilege to the mortgagor or owner, or to others mentioned in the statute. The statute does not authorize this right or privilege to be assigned by any one except the debtor; while it confers the right on others specified, it does not authorize such others to assign the

right, as it does the debtor." Leith v. Galloway Coal Co., 189 Ala. 204, 206, 66 South. 149.

Appellants rely largely upon the Leith Case as an authority that would deny the right of redemption sought by complainant. The question there for decision was whether or not the mortgagor's statutory right of redemption passed to the purchaser from the trustee of the bankrupt court, "where the equity of redemption had been cut off by a foreclosure, before the mortgagor was adjudicated a bankrupt." Therein lies the distinction between the facts of the instant case and the facts dealt with by Mr. Justice Mayfield in Leith's Case. That decision was not an ascertainment and determination by this court of the various classes to whom the Legislature had granted the privilege or right of redemption. It is therein specifically stated that the purpose of the statute is "primarily for the benefit of the debtor, and secondarily for the benefit of his creditors and of others mentioned in the statute, by affording him first, and the others mentioned next, the advantage of any increase in the value of the lands during the two years next after the sale of the property." That decision does not attempt to define the "others mentioned in the statute," intended to be included in the several classes to whom the right of redemption is accorded. As thus understood, the Leith Case, supra, is seen not to be in conflict with the decision here made.

[2] The statement of facts showed that the equity of redemption remaining in the original mortgagor dying intestate descended to his sons or to each of them. When one of these sons conveyed his interest to Eliasberg corporation, before the extinguishment, by foreclosure, of the equity of redemption vesting in him on the death of his father, did the grantee corporation having such equity of redemption come within the class to whom the statutory right of redemption was secured by statute? Appellants' insistence is that the statute gives the right of redemption only to a junior mortgagee in a mortgage executed by the same mortgagor who executed the senior mortgage. We are of the opinion that if, at the time of foreclosure sale under a senior mortgage, there is a holder of a junior mortgage executed by the wife, widow, child, heir at law, or devisee, who had taken or inherited from the senior mortgagor an undivided interest in the lands so conveyed by such senior mortgagor, and such title had vested in such junior mortgagor before the foreclosure of the senior mortgage, the junior mortgagee, or vendee or assignee, of such wife, widow, child, heir at law, or devisee, of the senior mortgagor is entitled to exercise the statutory right of redemption. Code 1907, § 5746. It is insisted that the word, "his," as used in the statute preceding the words, "vendee, junior mortgagee or assignee of the equity or statutory right of redemption, wife, widow, child, heir at law, devisee," be construed as limiting the statute, and giving the statutory right or privilege only to a junior mortgagee of the senior mortgagor. The immediate and subsequent use of the words, "or his vendee or assignee of the right to redeem under this Code, from the purchaser or his vendee," etc., must be held to embrace a vendee, devisee, or assignee, of or from such wife, widow, child, heir at law, or devisee, as the case may be, acquiring the equity of redemption before that right had been extinguished by foreclosure under the terms of the senior mortgage. Any other construction would render useless the words, "or his vendee or assignee of the right to redeem," after the words, "wife, widow, child, heir at law, devisee," as they appear in section 5746 of the Code.

Chief Justice Stone, dissenting in Powers v. Andrews, 84 Ala. 289, 4 South. 263, where section 1879 of the Code of 1886 was construed, expressed the view that this statute should be construed to be remedial. He said:

"I prefer to hold that the incident follows the principal, the ownership, whithersoever it may go; and that whoever owns the equity of redemption, or title, as the case may be, at the time of foreclosure or sale, has the statutory right to redeem, as an incident of that ownership."

The statute there construed gave the right of redemption only to the "debtor" or to "his vendee." Thereafter, by act approved February 27, 1889 (Acts, p. 764), said section was amended, as shown by the Code of 1896, by extending the right to the debtor, "his vendee, junior mortgagee, or assignee of the equity of redemption."

The statute was again amended, as rewritten in the Code of 1907 (section 5746), by the extension of the class who may redeem to include the "wife, widow, child, heir at law, devisee, or his vendee or assignee." These amendments of this statute are in harmony with the view expressed by Judge Stone, and with the general authorities on the question —that he who may redeem must have an interest derived mediately or immediately from, or through, or in the right of the mortgagor, so as to constitute him the owner of a part of the mortgagor's original equity. 2 Jones on Mortg. § 1055; 11 Am. & Eng. Ency. Law, 214.

In Rothschild v. Bay City Lumber Co., 139 Ala. 571, 36 South. 785, the general rule is stated to be that:

"Any one who has an interest in mortgaged lands, derived through the right of the mortgagor, and subject to foreclosure, may redeem, though such interest extend only to a part of the equity which originally resided in the mortgagor."

And in Butts v. Broughton, 72 Ala. 294, 298, Mr. Justice Somerville said, of the right:

"Any one who owns the mortgagor's equity of redemption, or any subsisting interest in it, by

privity of title with him, whether by purchase, inheritance, or otherwise [may redeem]."

This principle would embrace not only the heirs of the mortgagor, but also his widow who had joined with him in the mortgage, so as to have released her dower. Rapier v. Gulf City Paper Co., 64 Ala. 330, 340; Howser v. Cruikshank, 122 Ala. 256, 264, 25 South. 206, 82 Am. St. Rep. 76; Jones v. Matkin, 118 Ala. 341, 24 South. 242; Pitts v. American F. L. M. Co., 123 Ala. 469, 473, 26 South. 286.

The Baker-Lyons mortgage had not been foreclosed before the death of the mortgagor, J. H. Andrews, nor before the execution and delivery of the mortgage of G. W. Andrews to the Eliasberg corporation. By this junior mortgage the equity of redemption was conveyed to the Eliasberg Company; and thereafter the company was authorized by statute to exercise the right of redemption, as it sought to do by filing the instant bill.

[3] Had then the circuit court of Wilcox county, where the bill was filed, jurisdiction to entertain and determine the cause? The consolidated court bill went into effect January 14, 1917; the bill in the instant case was filed on October 30, 1916. A plea to the jurisdiction was filed December 25, 1916, and demurrer to that plea, on April 26, 1917. Decree on such demurrer was rendered and entered on May 2, 1917. Law and equity courts in this state were consolidated by the statute in question, effective on January 15, 1917. Act Aug. 16, 1915, Gen. Acts, p. 279; Ex parte State ex rel. Attorney General, 197 Ala. 570, 73 South. 101. Thereafter all pending causes were by the act required to proceed to final judgment in the circuit court as though they had been begun therein in the first instance. Act 1915, pp. 279, 280, § 3; Ex parte City Bank & Trust Co., 76 South. 372.[1] Had the bill been originally filed in the chancery court, then on the consolidation of that court with the circuit court the cause as a pending one would have been transferred by operation of law to the circuit court. When the submission was had on demurrer to the plea to the jurisdiction, and the hearing thereon was had, and decree rendered, on May 2, 1917, the consolidation act was already effective. If the circuit court had not the jurisdiction of the subject-matter when the bill was filed, it could not be a pending cause, to be transferred by the consolidation act.

Chancery courts originally had jurisdiction to enforce the right of redemption. Code 1907, § 5748 et seq.; Acts 1911, p. 391. By the act of September 16, 1915, the jurisdiction of the chancery courts was conferred upon the circuit courts (Gen. Acts 1915, p. 598); and by that of September 17, 1915, all the powers and authority of chancellors were conferred on the circuit judges (Id. p. 608). It was also provided by legislative enactment the same year, to wit, on September 28, 1915, that where any suit was improperly brought as a suit in equity, it should be transferred

to the law side of the court, and vice versa. Id. p. 830.

The court properly sustained the demurrer to the plea to the jurisdiction, and the decree of the circuit court sitting in equity is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.