(85 South. 742)

**TONEY et al. v. CHENAULT.  (8 Div. 214.)**

(Supreme Court of Alabama.   June 3, 1920.)

**1. Mortgages ⟂591(1)—Statutory redemption available only to those bringing themselves within the terms.**

The statutory redemption allowed by Code 1907, § 5746, is available only to those able to bring themselves within the terms of the act.

**2. Mortgages ⟂591(1)—Statutory right of redemption is not property right.**

The statutory right to redeem from foreclosure, conferred by Code 1907, § 5746, is a privilege merely, and not a property right or interest, so a conveyance of such right gives no title.

**3. Mortgages ⟂593—Statutory right of redemption may be assigned by child of deceased mortgagor.**

After the death of a mortgagor, the statutory right of redemption given by Code 1907, § 5746, to the mortgagor, his vendee, or assignee, etc., may be assigned by a child of the mortgagor, where the mortgagor died before foreclosure.

**4. Mortgages ⟂615—Purchaser at foreclosure and one taking mortgage necessary parties to redemption.**

The purchaser at foreclosure sale and one taking a mortgage on the premises are necessary parties to a bill to redeem, under the statutory right conferred by Code 1907, § 5746.

**5. Mortgages ⟂605—Where purchaser refused to allow redemption, save on condition, tender is unnecessary.**

Where a purchaser refused to allow an assignee to exercise the statutory right of redemption given by Code 1907, § 5746, unless land, title to which was asserted to stand in third persons, was omitted, the assignee, attempting to exercise such right, is relieved of the duty of demanding a statement of the items composing the amount necessary to effect a redemption provided for by Code 1907, §§ 5750, 5751, and section 5748, as amended by Acts 1911, p. 391, but may obtain redemption by filing a bill and requesting the court to fix the amount due, though, of course, the redemption could not, if title to such land was in third persons, divest them or affect their rights; but the redemptioner is entitled to redeem all of the lands purporting to have passed under the mortgage.

⟂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Appeal and error ⬤➡1036(2)—Joinder of improper party immaterial.**

The joinder as a party defendant of one against whom no relief was sought is immaterial, prejudicing no one.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Bill by William L. Chenault against Tim E. Toney and others for statutory redemption of certain lands foreclosed under mortgage. From the decree rendered, respondents appeal. Affirmed.

J. T. Jack, of Russellville, and J. Q. Smith, of Birmingham, for appellants.

No one is named in the bill as respondent, and hence there is no bill. 66 Ala. 115; 2 Stew. 280; 1 Ala. 379; Sim's Chancery Practice, § 161; rule 17, Chanc. Pract. Complainant had no right to redeem. Section 5746, Code 1907; 176 Ala. 134, 57 South. 705. The fifth plea was proven without dispute. 180 Ala. 311, 60 South. 896.

William L. Chenault, of Russellville, pro se.

The complainant had a right to redeem. 139 Ala. 571, 36 South. 785; 201 Ala. 591, 79 South. 13; 202 Ala. 115, 79 South. 584. Under the circumstances the tender was good. 160 Ala. 523, 49 South. 334; section 5751, Code 1907; 95 Ala. 166, 10 South. 444, 36 Am. St. Rep. 190.

McCLELLAN, J. [1] The object of this bill, filed by appellee against the appellant, is to effect statutory redemption. Code, § 5746. Being purely the creature of statute, such redemption can only be availed of by those authorized by the statute to effect it, and so in the circumstances and in the manner defined by the statutes. Burke v. Brewer, 133 Ala. 389, 392, 32 South. 602, among others. No question as to the sufficiency of the bill in any respect was raised in the court below.

It is averred in the bill that the mortgages, executed by Pink Burgess, were foreclosed about August 10, 1918, that Pink Burgess died (in November, 1917) before this foreclosure sale was had, and that a few months after such foreclosure Mattie Sugg (a daughter of Pink Burgess, deceased) conveyed to complainant all her interest in the land described in the mortgages "and her right of redemption in and to said lands." Whether the foreclosure was in fact validly effected under the terms of the mortgages is not considered; both parties and the averments of the bill appearing to regard the foreclosure as being full perfected, extinguishing the equity of redemption.

[2] It thus and otherwise in the bill appears that complainant attributes his right to redeem under the statute to his asserted relation of assignee of Mrs. Sugg's averred right to redeem under the statute (Code, § 5746); the foreclosure (assuming it was validly effected) having divested all interest of Mrs. Sugg and Pink Burgess in the land. It is settled here that statutory redemption under the Code of 1907 (section 5746 et seq.) continues to be a privilege merely—not a property right or interest—in favor of those specified in the statutes creating this system of redemption. Leith v. Galloway Coal Co., 189 Ala. 204, 206, 207, 66 South. 149; Baker, etc., v. Eliasberg, etc., Co., 201 Ala. 591, 79 South. 13. This court again expressed its adherence to this conclusion in qualifying the concurrence to the opinion in Brannan v. Adams, 202 Ala. 442, 80 South. 826, at bottom of page 828. Reference is made in the brief to a statement to a different effect in Patterson v. Holmes, 202 Ala. 115, 79 South. 584 (first column); but it will be observed that only two of the justices approved the opinion in which that statement occurs. Hence complainant took no title or interest in the land under the instrument executed to him by Mrs. Sugg; foreclosure of the mortgages having been effected prior to the execution of the instrument to complainant. So, to repeat, the primary inquiry, argued on the brief for appellant in support of assignment of error presenting the question, is whether complainant became an assignee, from Mrs. Sugg as assignor, of the statutory right of redemption that Mrs. Sugg—if not other heirs or the widow of Pink Burgess deceased—had at the time the instrument was executed to complainant.

[3] In Leith v. Galloway Coal Co., supra, decided in 1914, it was expressly decided, in construction of Code 1907, § 5746, that only the debtor was authorized thereby to assign the statutory right of redemption. Unequivocal, indubitable pronouncements to this effect will be found on pages 206, 207 of 189 Ala. (66 South. 150). But in Baker, etc., v. Eliasberg, etc., Co., 201 Ala. 591, 79 South. 13, 14, decided in 1918, a construction was accorded the statute (section 5746) materially different from that given it in this particular, in Leith v. Galloway Coal Co., supra. In the later case it was held in construction of the statute that the words "his vendee or assignee of the right to redeem under this Code" manifested an unmistakable legislative purpose to confer on the "wife, widow, child, heir at law [or] devisee" the authority and power to assign the statutory right of redemption. This construction of the statute was required by the very terms thereof, for, if the view of the Leith Case was accepted, the result would have been to attribute to the words "his vendee or assignee," as they last occur in the statute, the effect to say what had been already therein above expressed in these terms:

"His vendee, junior mortgagee, or assignee or the equity of statutory right of redemption."

It is manifest that the construction of the statute taken in Baker, etc., v. Eliasberg, supra, was unaffected by the merely incidental fact that the heir there executed the mortgage to that appellee before foreclosure of the original mortgage under the power of sale. It is not to be supposed that the lawmakers entertained any purpose to introduce a patent redundancy into the body of the statute. While the concrete case presented in Leith v. Galloway Coal Co. was correctly decided, an erroneous construction was accorded the statute (section 5746) in interpreting it as limiting to the debtor only the authority to assign the statutory right of redemption. To that extent Leith v. Galloway Coal Co., 189 Ala. 204, 66 South. 149, is now overruled.

[4] It is averred in the bill that at the foreclosure sale Tim E. Toney became the purchaser of the land described in the mortgages, that C. R. Burgess executed a foreclosure deed to him for such land, and that C. R. Burgess took a mortgage in the amount of the bid. As stated before, the validity of the foreclosure sale is not questioned by any party to the cause. Under the circumstances, it is manifest that both Toney and C. R. Burgess were proper, if not necessary, parties to the bill to completely effect statutory redemption; the bill containing prayer for the cancellation of this mortgage in perfecting the redemption sought.

[5] Paragraph 8 of the bill is this:

"Complainant alleges that he has offered, as said grantee of the said Mattie Sugg, to redeem said lands from said mortgage sale, and his said offer was made to the said Tim E. Toney and C. R. Burgess together, in the office of the complainant in Russellville, on October 3, 1918, and the said Toney informed the complainant then and there that he would not execute him a deed to said lands, and would not receive the purchase money, together with the charges specified by law, unless he was permitted to omit from said redemption, and from the description in his said deed to the complainant, the redemption of a certain 31 acres, which he claimed belonged to some other party."

The bill avers the complainant's willingness and ability to do equity and to pay whatever sum is ascertained by the court to be necessary to effect statutory redemption. Through pleas, denominated pleas in "abatement," the respondents Tim E. and Ben Toney asserted that complainant made no demand for a statement of the amount necessary to effect redemption, and also that no efficient tender was made to the purchaser, Tim E. Toney, nor was an effective deposit with the register made in the premises.

There was evidence justifying the conclusion that Tim E. Toney, the purchaser, refused, as averred in paragraph 8 of the bill, to permit redemption unless the complainant —assignee of the statutory right of redemption—would accept a redemption that omitted 31 acres owned or claimed by others and 4 acres owned by the state of Alabama. This refusal of the purchaser Tim E. Toney, to permit redemption, except upon the stated condition, relieved the redemptioner from any duty to demand a statement of the items composing the amount necessary to effect redemption (Code, §§ 5750, 5751, and section 5748, as amended in the Acts of 1911, p. 391), or to make any tender to the purchaser; the position thus taken by the purchaser operating a waiver in the premises. Johns v. Anchors, 153 Ala. 498, 501, 45 South. 218, and cases there cited. Predicating a refusal to allow redemption on this sole ground a demand of the purchaser for a statement or a tender of any amount would have been a vain ceremony. Under these circumstances, this complainant met the prescription of the statutes (Code, §§ 5750, 5751), by averring a willingness and ability to pay whatever the court ascertained was necessary to be paid in order to effect redemption; and this willingness was emphasized by the fact (not, of course, as an effectual tender that had been made) that the complainant filed with the register his check for the sum bid, with interest, which the bank agreed with the register to pay upon presentation. The purchaser was without right or power to subject redemption to the conditions upon which alone he predicated his refusal. The redemptioner's right was to effect redemption of whatever title there purported to be passed to the purchaser through the sale. Code, § 5750. The deed to the purchaser assumed to convey the full title to the land described in the mortgages; and parol evidence was inadmissible, on a bill to redeem under the statutes, to contradict or vary the thus manifested execution of the powers of sale created by the mortgages. It is hardly necessary to add that the effectuation of the complainant's right to redeem will not conclude, in any respect or degree, the title to the 31 acres claimed by persons not parties to this cause nor to the 4 acres asserted to be owned by the state.

[6] No specific relief was prayed or granted against Ben Toney. Hence his mere presence as a party to the cause was without material prejudice to any one.

The decree is not affected with error in any of the particulars urged in the brief for appellant. It is affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, THOMAS, and BROWN, JJ., concur.