(89 South. 719)

### SNOW v. MONTESANO LAND CO. et al.
### (6 Div. 402.)

(Supreme Court of Alabama.   June 30, 1921.)

1. Execution ⬡⇒292—Right of redemption may only be exercised as provided by statute.

The statutory right of redemption after execution sale can only be exercised by the persons named, in the mode, within the time, and upon the conditions prescribed by Code 1907, § 5746.

2. Execution ⬡⇒301—Bill to redeem, not showing that petitioner is person named in statute, demurrable.

A bill to redeem after execution sale is demurrable where it does not sufficiently show that the party seeking redemption is the debtor, his vendee, junior mortgagee, or assignee of the equity or statutory right of redemption, wife, widow, child, heir at law, devisee or his vendee or assignee of the right to redeem, as provided in Code 1907, § 5746, or a judgment creditor of the debtor, under section 5752.

3. Execution ⬡⇒301—Redemptioner must allege and prove payment or tender of purchase money and charges.

To enforce the statutory right of redemption after execution sale, the redemptioner must allege and prove that prior to the filing of the suit for redemption he paid or tendered to the purchaser or his vendee the purchase money, with 10 per cent. per annum and all other lawful charges; that is, permanent improvements as prescribed in Code 1907, § 5757, taxes paid or assessed, valid liens paid, and, if the redemption is from a person owning such debt for which the property was sold, he must also pay any balance due on the debt.

4. Execution ⬡⇒300—Conveyance in separate parcels sufficient excuse for redemptioner's failure to make payment or tender.

That a purchaser at execution sale conveyed portions of the land by several conveyances *held* a sufficient excuse for the failure

of the redemptioner from the sale to pay or tender the purchaser or his vendee the amount required to effectuate redemption in view of Code 1907, §§ 5750, 5751; the purchaser having put it beyond redemptioner's power to redeem as provided by statute out of court.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Mary Ann Snow against the Montesano Land Company and others to redeem land from execution sale. From a decree sustaining demurrers to the bill, complainant appeals. Reversed and remanded.

Theodore J. Lamar, of Birmingham, for appellant.

The court erred in sustaining the demurrers. 142 Ala. 590, 39 South. 174. It was not necessary, under the circumstances of this case, to allege a tender of the money to the original purchaser and its vendees. Section 5748, Code 1907; Acts 1911, p. 391. See, also, 205 Ala. 334, 87 South. 854; 200 Ala. 382, 76 South. 298; 133 Ala. 389, 32 South. 602.

Miller & Graham, of Birmingham, for appellees.

It does not appear from the bill in what capacity complainant sues, and this is essential. Sections 5746 and 5752, Code 1902; 84 Ala. 289, 4 South. 263; 143 Ala. 438, 39 South. 316. It was necessary to allege and prove a sufficient tender before the filing of the bill. 93 Ala. 186, 9 South. 590; 160 Ala. 523, 49 South. 334; 142 Ala. 590, 39 South. 174; section 5749, Code 1907.

THOMAS, J.   The suit is for redemption of real properties sold under execution and purchased by the Montesano Land Company on April 8, 1918, for the sum of $10.00.

The bill filed April 7, 1920, made parties respondent the Montesano Land Company, Arthur C. Crowder, and B. M. Huey, averring that after the purchase of the lands by the land company a part thereof was respectively conveyed to Crowder and another part to Huey; that complainant "had no way of knowing what distribution is to be made of the redemption money, on the redemption by her," and that, the "sum of $15 being the full amount of said purchase money, together with the interest thereon to the date of the filing of this bill to redeem, and all lawful charges" being paid into court, she "prays that she may be let in to redeem," etc. No averment of tender before suit of the amount due to the parties is made.

The averment of ownership in the lands sold at execution sale by the sheriff must be referred, if at all, to the allegations of the bill, in which it is recited that—

"On the 8th day of April, 1918, at the instance of an execution issuing * * * under and by virtue of the authority in him vested by said execution, the sheriff of Jefferson county, Ala., sold at public vendue the following described real estate as the property of complainant. * * *"

[1] The statutory right of redemption can only be exercised by the persons named in the statute, in the mode, within the time, and upon the conditions therein prescribed. Code, § 5746; Baker Lyons & Co. v. Eliasberg Bros., 201 Ala. 591, 79 South. 13; Randolph v. Bradford, 204 Ala. 378, 86 South. 39; Ivy v. Hood, 202 Ala. 121, 122, 79 South. 587; Wootten v. Vaughn, 202 Ala. 684, 81 South. 660; Whiteman v. Taber, 203 Ala. 496, 501, 83 South. 595; Hamilton v. Cody, 89 South. 240;[1] Allison v. Cody, 89 South. 238;[2] Morrison v. Formby, 191 Ala. 104, 67 South. 668; Chambers v. Pollak, 143 Ala. 438, 39 South. 316; Powers v. Andrews, 84 Ala. 289, 4 South. 263.

[2] Under the statute of force at the time of the execution sale, where the bill does not sufficiently show that the party seeking redemption is the debtor, his vendee, junior mortgagee, or assignee of the equity or statutory right of redemption, wife, widow, child, heir at law, devisee, or his vendee or assignee of the right to redeem (Code, 1907, § 5746, or a judgment creditor of the debtor (Code, § 5752; Sibley v. Linton Coal Co., 193 Ala. 182, 69 South. 1) it is subject to demurrer. The ownership of the land in complainant is prima facie averred. In Francis v. White, 142 Ala. 590, 601, 39 South. 174, 177, it is said:

" 'The levy of the execution on land as the property of the debtor, and its sale and purchase as such, are conclusive on the purchaser.' The allegations of the bill make out a prima facie case in favor of the complainant on that point, and if there be any fact to the contrary it is matter of defense."

Where real property is purchased at a sale pursuant to an execution levied thereon and the purchaser at such sale makes no demand for possession of the property within the provisions of the statute, such failure to demand possession constitutes a valid reason for the failure of former owner to deliver possession to the purchaser; and, under such circumstances, the failure to deliver possession constitutes no bar to the exercise of the statutory right of redemption (Francis v. White and Randolph v. Bradford, supra), the purpose and policy of the statute being to effectuate redemption by the parties without suit, by each party doing what the statute directs.

[3] To enforce the statutory right of redemption the redemptioner must allege and prove that prior to the filing of the suit for redemption he paid or tendered to the purchaser or his vendee the purchase money, with 10 per cent. per annum, and all other lawful charges (Slaughter v. Webb, 205 Ala. 334, 87 South. 854; Burke v. Brewer, 133 Ala. 389, 32 South. 602; Thompson v. Brown, 200 Ala. 382, 76 South. 298), that is: (1) Permanent improvements, as prescribed in Code, § 5757 (Morrison v. Formby, 191 Ala. 104, 67 South. 668; Slaughter v. Webb, supra; Smith v. Sulzby, 205 Ala. 301, 87 South. 823); (2) taxes paid or assessed (Hale v. Kinnaird, 200 Ala. 596, 76 South. 954); (3) any other valid lien or incumbrance paid by such purchaser or his vendee; (4) and if the redemption is made from a person owning such debt for which the property was sold, he must also pay any balance due on the debt (Lord v. Blue, 200 Ala. 521, 76 South. 463; Ivy v. Hood, supra; Cowley v. Shields, 180 Ala. 48, 60 South. 267; Code, §§ 5748, 5749). The payment or tender of such sums due being prerequisite to the right of redemption, unless it is alleged in the bill that such payment or tender was made prior to filing the suit, or a sufficient excuse is averred for failing to make such payment or tender prior to the filing of the bill accompanied by a sufficient tender and payment into court, the bill is subject to demurrer. Francis v. White, 142 Ala. 590, 39 South. 174; Id., 160 Ala. 523, 526, 49 South. 334; Whiteman v. Taber, supra; Wootten v. Vaughn, supra; Randolph v. Bradford, 204 Ala. 378, 86 South. 39; Pryor v. Hollinger, 88 Ala. 405, 6 South. 760; Beebe v. Buxton, 99 Ala. 117, 12 South. 567; Lehman v. Moors, 93 Ala. 186, 9 South. 590; Beatty v. Brown, 101 Ala. 695, 14 South. 368; Cramer v. Watson, 73 Ala. 127; Lehman v. Collins, 69 Ala. 127; Stocks v. Young, 67 Ala. 341; Carlin v. Jones, 55 Ala. 624; Camp v. Simon, 34 Ala. 126; Spoor v. Phillips, 27 Ala. 193; Paulling v. Meade, 23 Ala. 305.

[4] The averment that the purchaser at the execution sale conveyed portions of the lands to several of the respondents in separate tracts and by several conveyances is a sufficient excuse for a failure on the part of the complainant to pay or tender to the purchaser or his vendee the amount required to effectuate redemption. Code, §§ 5750, 5751; Francis v. White, supra; Toney v. Chenault, 204 Ala. 329, 85 South. 742; Burke v. Brewer, supra. By its own subsequent acts, the purchaser had put it beyond the power of the redemptioner to effectuate a redemption of the whole tract of land as provided by statute out of court; hence the aid of a court of equity may be invoked as was done by complainant.

The decree of the circuit court, in equity, is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

[1] Ante, p. 102.   [2] Ante, p. 88.