(103 So. 40)
HARGETT v. FRANKLIN COUNTY et al.
(8 Div. 705.)

(Supreme Court of Alabama. Jan. 22, 1925.)

1. Mortgages �köÜ534, 553—Estate of mortgagee purchasing at sale, stated; mortgagee's deed of right of way to county held to pass only his rights and interest in property.

The estate held by mortgagee after his purchase at foreclosure sale and before expiration of time for redemption under Code 1907, § 5746, and section 5748, as amended by Acts 1911, p. 391, was a fee, determinable by mortgagor, and mortgagee's deed of right of way over such property to county passed only such right, title, and interest as he possessed therein, in view of Code 1907, § 3406.

2. Mortgages ⊦Ü591(1)—Redemption operates on the legal title.

Redemption operates on the legal title, and is against holder thereof.

3. Mortgages ⊦Ü591(1)—Redemption must be effected of entire tract sold.

Redemption cannot be effected by "piecemeal," but must be of entire tract sold.

4. Mortgages ⊦Ü615—Mortgagor may redeem against purchaser of single parcel without bringing in other purchasers.

Where lands have been broken into separate tracts in foreclosure, mortgagor may maintain bill in equity against purchaser of parcel for redemption, without bringing in purchasers of other parcels and pray for "a single redemption of all parcels."

5. Eminent domain ⊦Ü289 — Mortgagee not proper party in mortgagor's suit against county for compensation for right of way granted over his land by mortgagee.

In mortgagor's suit against county for compensation for right of way granted over his land by mortgagee after foreclosure, and while in possession during redemption period, mortgagee was not a proper party, having parted with all his interest by his deed reciting and effectuating redemption.

6. Mortgages ⊦Ü615 — Requirement for redemption is only that all owners of fee be brought in on redemption.

Requirement for redemption is only that all owners of the fee be brought in on redemption.

**7. Eminent domain ⬅271, 274(4) — Owner may recover appropriate damages, where land taken without due condemnation, whether with or without his knowledge and consent; injunction lies where payment not made for property.**

When land is taken by corporation having authority to condemn for a right of way without grant or due condemnation, whether with or without knowledge and consent of owner, he may maintain a bill in equity for recovery of appropriate damages, and writ of injunction may be made effectual against use, unless payment is made.

**8. Eminent domain ⬅271 — Mortgagor's bill for compensation for right of way granted by purchaser at foreclosure sale held properly directed against county.**

Where county could condemn right of way across mortgagor's lands for a public highway, but instead secured an ineffectual grant from purchaser at foreclosure sale, within redemption period, bill by mortgagor for compensation for right of way granted was properly directed against county, if well pleaded.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Bill in equity by C. W. Hargett against Franklin County and R. P. Millican. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

J. Foy Guin, of Russellville, for appellant.

No person holding a lesser estate than fee simple can create an easement extending beyond the term of his lease. Code 1907, § 3406; 9 R. C. L. 747; Tyson v. Chestnut, 118 Ala. 387, 24 So. 73. The bill contains equity. Tombigbee R. Co. v. Loper, 184 Ala. 343, 63 So. 1006; Thornton v. S. & B. R. Co., 84 Ala. 109, 4 So. 197, 5 Am. St. Rep. 337.

Williams & Chenault, of Russellville, for appellees.

There is no equity in the bill as against respondent Millican. It was the duty of complainant to redeem from the county. Francis v. White, 142 Ala. 590, 39 So. 174; Burke v. Brewer, 133 Ala. 389, 32 So. 602; Toney v. Chenault, 204 Ala. 329, 85 So. 742.

THOMAS, J. The appeal is from the decree sustaining demurrers to the bill praying ascertainment and allowance of "a reasonable compensation for the right of way" over complainant's land "and * * * other damages and injuries suffered by the complainant"; that a "money judgment against both respondents be rendered"; and that the respondent county of Franklin "be forever enjoined and restrained from the use of said right of way until said judgment and the costs of suit are paid in full."

The averments of the bill are that complainant had mortgaged his lands to respondent Millican, who duly foreclosed the same under the powers of sale contained therein, and became the purchaser; that possession was demanded and surrendered and attornment made to such purchaser; that redemption was perfected under the statute against Millican; that—

"Between the date of foreclosure and the date of redemption the respondent Millican made and delivered to Franklin county a deed of conveyance, purporting to convey to said county a 50-foot right of way across said land for a public road, same bearing date of the 8th day of May, 1923; a copy of which is hereto attached marked Exhibit E and made a part of this bill. Notwithstanding the proper officials of the county were informed that the complainant had rights of redemption in said land, and that the title of said Millican would fall upon said redemption, and notwithstanding that they had no conveyance from the complainant, and had made no effort to secure any conveyance from him, and notwithstanding that Franklin county is clothed with the power of eminent domain, the county, by its officers, servants, or agents, proceeded to go into possession of said 50-foot strip across said tract of land, same running diagonally across the same, and to build a public highway thereon and thereover, without in any manner compensating or attempting to compensate this complainant therefor."

It is further averred that complainant is the owner of the fee to the road bed in question and of the alleged right of way; that the county maintains "a public road there along" (italics supplied), and claims the right of way in disregard of complainant's rights in the premises, and has taken the same "without process of law." It is further alleged that in the building of the public road the county caused to be removed from "its purported right of way" a barn for which complainant has not been compensated; that he duly filed a written claim for this property and damages with the court of county revenue of Franklin county, which was "disallowed" by that body; and that thereupon he "withdrew his said claim, and now files this suit to compel payment."

[1] It is of statutory declaration that no estate or interest of any person can be defeated, discontinued, or extinguished by the act of any third person having a possessory or ulterior interest, except in cases specially provided by law (Code 1907, § 3406; Tulley v. Snow, 190 Ala. 556, 68 So. 301); nor by the widow (Reynolds v. Love, 191 Ala. 218, 68 So. 27); nor the life tenant. The estate held by Millican after his purchase at foreclosure sale, and before expiration of the time for statutory redemption, was that of the fee (Morrison v. Formby, 191 Ala. 104, 67 So. 668), and determinable by the exercise of a personal and statutory privilege by the mortgagor (Baker, Lyons & Co. v. Eliasburg, etc., Co., 201 Ala. 591, 79 So. 13), a redemption of the property (Toney v. Chenault, 204 Ala. 329,

85 So. 742; Code 1923, § 10140, notes). That is to say, by its deed from Millican to the right of way as such the county obtained the rights, title, and interest possessed by that grantor, and no greater right, title, or interest. Arnold v. Black, 204 Ala. 632, 87 So. 170; 3 Pom. Eq. Jur. (4th Ed.) § 1048.

[2] The statutory redemption alleged must have been effected under the amended statute of force at the time. Code 1907, §§ 5746, 5748; Acts 1911, p. 391. Redemption operates on the legal title, and is against such holder. Hamilton v. Cody, 206 Ala. 102, 89 So. 240. Under that statute, written "demand for charges" may be made by any one entitled to redeem "of the purchaser, or *if said real estate has been sold* such demand may be made upon either the purchaser or his vendee." (Italics supplied.) In Brannan v. Adams, 202 Ala. 442, 80 So. 826, it was declared that a demand duly made on the purchaser's vendee was sufficient. In that case the whole premises had been conveyed after foreclosure. Where there was "demand" made upon the purchaser at foreclosure sale, and not upon his several grantees who claimed an interest by subsequent executory contracts of sale, it was held sufficient, since the statute provided for a demand upon the party holding the legal title, and not upon mere contract purchasers. Morrison v. Formby, 191 Ala. 104, 67 So. 668; Snow v. Montesano Land Co., 206 Ala. 310, 311, 89 So. 719; Hamilton v. Cody, 206 Ala. 102, 89 So. 240; Lacy v. Fowler, 206 Ala. 679, 91 So. 593.

[3, 4] It is further declared that redemption cannot be effected by "piecemeal," but of the entire tract sold (Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Francis v. White, 166 Ala. 409, 410, 52 So. 349; Cowley v. Shields, 180 Ala. 48, 60 So. 267; Harden v. Collins, 138 Ala. 399, 35 So. 357, 100 Am. St. Rep. 42; Prichard v. Sweeney, 109 Ala. 651, 19 So. 730; Roulhac v. Jones, 78 Ala. 398); that, where the lands have been broken into separate tracts or lots in the foreclosure, the mortgagor may maintain a bill in equity against the purchaser of a parcel for redemption, without bringing in the purchasers of the other parcels and prayer for "a single conjoint redemption of both parcels" (Lord v. Blue, 200 Ala. 521, 76 So. 463; Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719; Johnson v. Williams, ante, p. 319, 102 So. 527).

It is established that the averment, in a bill to redeem, that the purchaser at an execution sale has conveyed some of the parcels of land to other persons is sufficient excuse for a failure on the part of the redemptioner to pay or tender to the purchaser or his vendee the amount required to effectuate redemption, when, by the subsequent acts of the purchaser, he has put it beyond the power of the redemptioner to effectuate a redemption of the whole tract of land, as pro-vided by statute, out of court; hence the aid of a court of equity may be invoked. This is not the instant case, where a mere easement in the nature of the right of way over the lands was granted to the respondent county. Here the mortgagee and mortgagor agreed upon and effectuated redemption of the fee by a reconveyance to complainant within the time prescribed by law. There was no question of the value of improvements under the statute to be ascertained and paid, as precedent to redemption, as was presented in Slaughter v. Webb, 205 Ala. 334, 87 So. 854.

[5, 6] Assignments of error are predicated upon grounds of demurrer to the bill— among others, misjoinder of the original mortgagee as a party respondent. If complainant has a remedy against Millican, it is an action at law on the breach of his warranty; it is not alleged that said grantor was insolvent. However this may be, Millican was not a proper party to the suit against the county. Hodge v. Joy, 207 Ala. 198, 92 So. 171. In Toney v. Chenault, 204 Ala. 329, 85 So. 742, there had been conveyance and mortgage to secure the purchase price; hence the purchaser at foreclosure sale and his vendee were necessary parties. Here Millican had parted with all interest in the land by his deed reciting and effectuating redemption. The requirement for redemption is only that all owners of the fee be brought in on redemption. Tyson v. Chestnut, 118 Ala. 387, 24 So. 73; Morrison v. Formby, 191 Ala. 104, 67 So. 668. The decree of the lower court is justified on the foregoing ground.

If Millican had conveyed a fee-simple title to the strip of land indicated in the grant of the right of way, a different situation would have confronted the redemptioner, to have effected redemption from the county. Francis v. White, 142 Ala. 590, 39 So. 174. The two grantees and holders of the fee as to the several parcels would have become necessary parties on redemption of the whole tract or parcels thereof.

It is sufficient to say that complainant has no remedy to be enforced in this suit (upon the authority of Tombigbee Valley R. R. Co. v. Loper, 184 Ala. 343, 63 So. 1006; Cowan v. Southern Ry. Co., 118 Ala. 554, 23 So. 754; Southern Ry. Co. v. Hood, 126 Ala. 313, 28 So. 662, 85 Am. St. Rep. 32; M. & W. Ry Co. v. Fowl River Lbr. Co., 152 Ala. 320, 325, 44 So. 471; Birmingham Belt Ry. Co. v. Lockwood, 150 Ala. 610, 43 So. 819; Thornton v. Sheffield & Birmingham R. R. Co., 84 Ala. 109, 4 So. 197, 5 Am. St. Rep. 337) against the respondent Millican.

[7] Is the county of Franklin within the influence of the last cited authorities? It is settled in this state that when land is taken and appropriated by a corporation having authority to condemn for a right of way, without grant or due condemnation, "wheth-

er such taking is with or without the knowledge and acquiescence of the owner," the latter may maintain his bill in equity for the ascertainment and recovery of appropriate damages, and the writ of injunction may be made effectual against the use unless payment is made.

[8] The county had the right of condemnation to secure the right of way across the lands for the purpose of constructing a public highway. Instead of pursuing this right, it secured an ineffectual grant from the purchaser at the foreclosure sale within the period prescribed for redemption. This phase of the bill against the county is properly directed, if well pleaded. The case made against the county by the present bill is different from that filed in Mobile County v. Knapp, 200 Ala. 114, 75 So. 881. There was improper joinder of Millican as defendant, as we have pointed out, which justified the decree rendered on demurrer by the lower court.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.