(117 So. 411)

### KELLEY v. HURT ·et al.    (6 Div. 84.)

Supreme Court of Alabama.    June 14, 1928.

1. **Mortgages** ⬅594(1)—**Husband joining in mortgage on wife's property, and whose interest therein was not shown, held not entitled, after divorce, to redeem from foreclosure sale (Code 1923, § 10140).**

Husband joining with wife in execution of mortgage on wife's property *held* not entitled, after divorce, to redeem from foreclosure sale, under Code 1923, § 10140, where interest of husband in the property was not shown; right of redemption being solely in wife as debtor within the redemption statute.

2. **Mortgages** ⬅594(1)—**Statutory right to redeem is conferred only on debtor having interest in property mortgaged at time of sale (Code 1923, § 10140).**

Code 1923, § 10140, giving debtor right to redeem from foreclosure sale, confers statutory right of redemption on debtor only for purpose of redeeming his own property in which he has some interest at the time of the sale; right of redemption existing only as an incident to ownership.

3. **Husband and. wife** ⬅49½(7)—**Husband's payment of purchase money for land taken in name of wife raises presumption of gift.**

Where husband pays purchase money for property taking legal title in name of his wife, presumption arises that the transaction constitutes a gift from the husband to the wife without any resulting trust or claim for the money so invested in favor of the husband, and burden is on the husband to show a different intention.

4. **Mortgages** ⬅594(1)—**Husband held not entitled to redeem as equitable owner from foreclosure sale under mortgage of property taken in wife's name, though husband paid purchase price (Code 1923, § 10140).**

Husband's alleged payment of purchase money for land taken in name of  wife *held* not to give husband equitable interest in property such as to permit redemption by him, under Code 1923, § 10140, even if husband should be considered as debtor within redemption statute, since transaction is presumed to constitute gift to wife.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill by Wilbur E. Kelley against Madeleine W. Hurt and the Lincoln Reserve Life Insurance Company to redeem lands sold under mortgage. From a decree dismissing the bill, complainant appeals. Affirmed.

Roy McCullough, Theodore J. Lamar, and W. A. Weaver, all of Birmingham, for appellant.

On demurrer, the averments of the bill are taken as true. 5 Michie's Ala. Dig. 566. The bill shows that the wife took the property as trustee for complainant, and that complainant is the equitable owner of the property. In equity, the equitable owner is the real owner. 2 Pomeroy's Eq. 536. As the beneficial owner, complainant has the right to resort to equity for protection. Robinson v. Mauldin Mtg. Co., 11 Ala. 977. If complainant was the real owner, he was the real debtor, and is entitled to redeem. If upon written request the mortgagee failed to render statement of its demand, complainant could file this bill without tendering any amount in court or offering to do equity. Code 1923, § 10144.

Drennen & Burns, of Birmingham, for appellees.

The bill fails to show that complainant had any statutory right to redeem. Having joined his wife in the execution of the mortgage, he is estopped to assert that the property was not the property of his wife.

GARDNER, J. The bill in this cause is filed for the exercise of the statutory right of redemption of certain property conveyed in a mortgage to defendant Lincoln Reserve Life Insurance Company. Defendant Madeleine W. Hurt was formerly the wife of complainant (now divorced) and while this relationship continued the property here involved was acquired and the legal title thereto taken in the name of the wife, Madeleine W. Kelley.

As we construe the bill, the said Madeleine W. Kelley executed the mortgage thereon to the defendant life insurance company, joined in by complainant, her then husband. This mortgage has been duly foreclosed, the mortgagee becoming the purchaser, and the mortgagor, now Madeleine W. Hurt, has failed or refused to redeem the property or convey such right to complainant.

[1, 2] The transaction, as the bill is to be here construed, was a mortgage on the real estate here involved, to said life insurance company by the holder of the legal title, Madeleine W. Kelley, joined in by her husband as required by law. So far as the record discloses, the husband, complainant here, had no interest· in the property, and any exercise of statutory right of redemption was to be by the said wife. The wife was the "debtor" within our redemption statute. Section 10140, Code of 1923. "The very idea of redemption necessarily involves the correlative idea of an interest in the thing sought to be redeemed. It is the rescuing from sacrifice of the debtor's property—not the property of

another. We construe the statute to confer the statutory right of redemption upon debtors only for the purpose of redeeming their own property—property in which they have some interest at the time of sale. If the debtor has parted with this interest, he has abandoned the right to redeem, because the right cannot exist except as an incident of ownership." Commercial R. E. & Bldg. Ass'n v. Parker, 84 Ala. 298, 4 So. 268. At the time of the foreclosure sale, therefore, the right of redemption, so far as the records disclose, was solely in the mortgagor, Madeleine W. Kelley.

[3, 4] By the bill's averment, complainant seeks to establish his equitable right to a resulting trust in the property and insists he was the equitable owner of the property and within the redemption statute. In consideration of the fact that the right here sought to be enforced is of purely statutory creation, it may be seriously questioned that such a character of ownership could be held to constitute complainant a "debtor" within the redemption statute. But that question may be here pretermitted, for, conceding without deciding that such would suffice for this purpose, the bill is entirely insufficient to that end. The averments in this respect merely show a payment of the purchase money by complainant, the husband, with legal title taken in the name of the wife. Under the uniform decisions of this court, supported by the overwhelming weight of authority, the presumption arising from these allegations is that the transaction constituted a gift from the husband to the wife. "Prima facie, no resulting trust in the lands, nor claim for the money so invested, exists in favor of the husband. The burden of proof is on the husband to show a different intention." McNaron v. McNaron, 210 Ala. 687, 99 So. 116; Montgomery v. McNutt, 214 Ala. 692, 108 So. 752.

The fifth assignment of demurrer to the bill, to the effect that for aught appearing defendant Madeleine W. Hurt at the time of the execution of the mortgage was the legal and equitable owner of the property, is well taken.

The members of the court concurring in the conclusion here reached, prefer to rest the affirmance of the decree of the court below upon the considerations hereinabove expressed. The writer, however, speaking for himself alone, entertains the further view that, as complainant joined his wife in the execution of the mortgage with the record disclosing the legal title in the wife, and the one presumably to exercise the statutory right of redemption, he is now estopped from asserting the contrary and setting up title in himself. 21 C. J. 1081–1095–6; Wilson v. Alston, 122 Ala. 630, 25 So. 225. He further thinks that no such situation as here set up in the bill was in the legislative mind, and that its recognition would be an unwarranted expansion of this statutory right.

We are of the opinion the court correctly ruled in sustaining the demurrer to the bill, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.