Edward Daniel Garris, Sr., Joyce Garris, and Edward Daniel Garris, Jr., filed this action, seeking to redeem two parcels of real property. One parcel had been purchased at a foreclosure sale by the foreclosing mortgagee, defendant Federal Land Bank of Jackson; conveyed to defendant A M Forest Consultants, Inc., which conveyed part of its interest to three individuals; redeemed by Samuel B. Garris, Jr., the son of the former owners; and then conveyed by the redemptioner back to A M and its grantees. The latter are hereinafter referred to as "the A M defendants." The other parcel was likewise purchased at the foreclosure sale by the mortgagee, and then conveyed to defendant J.P. McKee. The trial judge granted summary judgment, made final pursuant to Rule 54(b), A.R.Civ.P., in favor of the A M defendants, holding that the redemption by Samuel B. Garris, Jr., was a valid final redemption of his parents' former property, and concluding that the plaintiffs have no enforceable right to redeem the property now owned by the A M defendants.[1]
The judgment of the court below reads in pertinent part:
"Findings of Fact
 "1. The real property described in the complaint passed pursuant to the will of Earl F. Garris to his children, Edward Daniel Garris, Sr., Samuel B. Garris, Sr., and Joyce Garris Hutchison. In 1968, Joyce G. Hutchison conveyed her undivided one-third interest in the property to her two brothers, Edward Daniel Garris, Sr., and Samuel B. Garris, Sr.
 "2. Thereafter in December, 1968, the two Garris brothers divided their jointly owned property and executed cross deeds resulting in Samuel B. Garris, Sr., and his wife, Carolyn M. Garris, becoming the record title holders to the following property (the river property) located in Washington County, Alabama:
"[Description of Property.]
 "Plaintiffs Edward D. Garris, Sr. and his wife, Joyce F. Garris received title to the other parcels which are described in the Complaint.
 "3. On March 15, 1977, Edward D. Garris, Sr., Joyce F. Garris, Samuel B. Garris, Sr. and Carolyn M. Garris executed a single mortgage describing their then separately owned parcels of property to the Defendant Federal Land Bank ("the Bank"). All four Garrises signed a single promissory note. Edward and Joyce Garris had no interest in Samuel and Carolyn Garris' property, and vice-versa.
 "4. On August 30, 1985 the Bank conducted a foreclosure sale and became the purchaser of all of the property, including the river property. The Bank held the first mortgage at the time of the foreclosure sale. An auctioneer's deed to the Bank was recorded September 6, 1985.
 "5. On November 12, 1985 the Bank conveyed one parcel of the foreclosed *Page 579 
property, the river property, to A M Forest Consultants, Inc.
 "6. A M Forest Consultants, Inc. then conveyed a 3/4 interest in the river property to Nelson Bedsole Moseley, James F. Butts, and Joseph C. McCorquodale, III, by deed dated November 13, 1985.
 "7. On December 5, 1985, Samuel B. Garris, Jr., the son of Samuel B. Garris, Sr. and Carolyn M. Garris, gave written notice of his intention to redeem the river property. A letter giving notice of his intent to redeem the river property was delivered by certified mail to Edward Daniel Garris, Sr., Joyce F. Garris ("Edward and Joyce Garris"), Edward Daniel Garris, Jr., and other potential redemptioners.
 "8. Samuel B. Garris, Jr. received no response to his letter stating his intention to redeem and, on February 24, 1986, Samuel B. Garris, Jr. redeemed the river property and received a deed of redemption from A M, Moseley, Butts, and McCorquodale.
 "9. Samuel B. Garris, Jr. reconveyed the redeemed river property to A M, Moseley, Butts, and McCorquodale by deed dated March 15, 1986.
 "10. The Bank conveyed the remainder of the foreclosed property to Defendant J.P. McKee, Jr. and Margaret McKee, husband and wife, by deed dated May 1, 1986. The property conveyed by the Bank to the McKees was the property owned, at the time of the Bank's mortgage and its foreclosure, by Edward D. Garris, Sr. and Joyce F. Garris.
 "11. On August 18, 1986, the Plaintiffs gave a written notice by certified mail of their intent to redeem all of the property foreclosed by the Bank, and requested a statement of debt from A 
M, Moseley, Butts, and McCorquodale, and McKee.
 "12. A statement of the debt with respect to the river property was sent to the Plaintiffs by letters from counsel for the A M Defendants dated August 28 and August 29, 1986.
 "13. On August 29, 1986, the Plaintiffs filed this lawsuit seeking to redeem all the foreclosed property and to set aside the foreclosure sale. No tender of the redemption price was made when this action was commenced or at any other time.
"Conclusions of Law
 "This case presents novel issues of law upon which the Court can find no authority directly in point. However, the Court is guided by the numerous cases cited by both Plaintiffs and Defendants in their briefs. The first issue is whether the Plaintiffs may as debtors redeem property in which they had no interest at the time it was mortgaged or when the mortgage was foreclosed. The second issue is whether the Samuel B. Garris, Jr. redemption cuts off the Plaintiffs' redemption rights if they have any.
 "At the time of the Bank's mortgage in 1977 and foreclosure sale in 1985 none of the Plaintiffs held any interest in the river property. The status of Edward D. Garris, Sr. and Joyce Garris as co-obligors with Samuel B. Garris, Sr. and Carolyn Garris on the Bank's mortgage note does not, by itself, give the Plaintiffs the right to demand a complete redemption of all the property, including property in which they held no interest. See Kelley v. Hurt, 217 Ala. 694, 695, 117 So. 411 (1928); Baker, Lyons and Co. v. Eliasberg and Brothers Mercantile Co., 201 Ala. 591, 592, 79 So. 13 (1918). The rights of Plaintiff Edward D. Garris, Jr. to redeem the river property are determined by the rights of his parents at the moment of foreclosure. See Pitts v. American Freehold Land Mortgage Co., 123 Ala. 469, 474, 26 So. 286 (1899), and subsequent appeal at 157 Ala. 56, 47 So. 242 (1908).
 "The redemption of the river property by Samuel B. Garris, Jr. was not, as Plaintiffs contend, an ineffective piecemeal redemption subject to attack by Plaintiffs. The Court agrees with the A M Defendants that the right to demand a single redemption of all the foreclosed property is held by the purchaser *Page 580 
at the foreclosure sale, or his vendee or assignee, and not by the debtor or mortgagor. Cooper v. Peak, 252 Ala. 384, 387, 41 So.2d 590 (1949); Francis v. White, 166 Ala. 409, 411, 412, 52 So. 349 (1910). By conveying only one of the several parcels purchased at the foreclosure sale to A M two months after the foreclosure sale, and by conveying the remainder of the property to the McKees, the Bank indicated its intention not to require a single redemption of all the foreclosed property.
 "The Court concludes that the redemption of the river property by Samuel B. Garris, Jr. was valid and represents a complete and final redemption of his parents' former property. Samuel B. Garris, Jr. gave proper and timely written notice to all other potential redemptioners, including Plaintiffs, of his intent to redeem pursuant to Alabama Code, § 6-5-231(a). None of the Plaintiffs responded to the notice or initiated their own action to redeem within the 60 day period provided by Alabama Code, § 6-5-231(c). Therefore, there may be no further redemption of the river property, and there is no basis for allowing the Plaintiffs to now maintain an action to redeem the said river property.
 "Therefore, the Court concludes that Plaintiffs have no enforceable right to redeem the river property owned by the A M Defendants. Accordingly, the Court enters the following judgment:
"Judgment
 "The motion for summary judgment filed by Defendants A M Forest Consultants, Inc.; Nelson Bedsole Moseley; James F. Butts; and Joseph C. McCorquodale, III is granted and judgment is hereby entered in favor of the said A M Defendants dismissing this action with prejudice. The Plaintiffs' motion for summary judgment is denied. The Court finds that there is no just reason for delay in the entry of this judgment and expressly directs the entry of this judgment pursuant to ARCP 54(b)."
Plaintiffs[2] argue that the trial court erred in granting judgment for the A M Defendants, making two principal arguments: 1) That because they were debtors on the note secured by the mortgage, they were entitled to redeem the entire property mortgaged, 2) That the partial redemption by Samuel B. Garris, Jr., was void because redemption cannot be effected piecemeal.
Regardless of the merits of these arguments, we find that the judgment is due to be affirmed, because the plaintiffs did not raise these objections prior to the redemption. Samuel B. Garris, Jr., gave notice of his intent to redeem pursuant to the following statutory provisions:
§ 6-5-230. Right of debtor, junior mortgagee, etc.
 "Where real estate, or any interest therein, is sold under execution or by virtue of any judgment in a court of competent jurisdiction or under any deed of trust or power of sale in a mortgage, the same may be redeemed by the debtor, junior mortgagee, vendee of the debtor or assignee of the equitable or statutory right of redemption, wife, widow, child, heir at law, devisee or any vendee or assignee of the right of redemption under this Code from the purchaser or his vendee within one year thereafter in the manner provided in this article."
 § 6-5-231. Priority of rights; notice of intention to redeem to be given persons having prior rights; when notice not required.
 "(a) The priority of the rights of the several persons or parties mentioned in section 6-5-230
to redeem shall be in the order in which they are mentioned therein; but any person or party who is entitled to redeem may give notice of his intention to redeem to those having prior rights to redeem; and if such persons to whom notice is thus given do not redeem *Page 581 
or commence an action to redeem within 60 days after the service of such notice, then the party giving the notice may, within 30 days thereafter, exercise his right to redeem by an action or otherwise, and no further redemption by the parties so notified may be made.
". . .
 "(c) Where no redemption is made as provided in this section within six months from the day of sale, anyone entitled to redeem may do so thereafter without giving the notice provided for in this section, and the property may not be again redeemed from said redemptioner."
The notice of partial redemption by Samuel B. Garris, Jr., gave the plaintiffs 60 days either to exercise their prior right to redeem or at least to object to the proposed partial redemption.
The partial redemption may have been objectionable, but a partial redemption is certainly not void. For example,Hargett v. Franklin County, 212 Ala. 423, 103 So. 40
(1925), is one of the cases plaintiffs cite for the proposition that "redemption cannot be effected by 'piecemeal,' " but the same sentence in that case continues:
 "where the lands have been broken into separate tracts or lots in the foreclosure, the mortgagor may maintain a bill in equity against the purchaser of a parcel for redemption, without bringing in the purchasers of the other parcels and [without a] prayer for 'a single conjoint redemption of both parcels.' "
212 Ala. at 425, 103 So. at 41 (citations omitted). See alsoFederal Land Bank of New Orleans v. Vinson, 246 Ala. 95,100, 18 So.2d 865, 869 (1944): "[T]he statute makes an indivisible entity of the act of redemption where the purchaser at foreclosure sale purchases the entire property," but "[t]he respondent having become the holder of the entire title by its purchase at foreclosure sale clearly had a right to sell to Smith any part of the property."
Thus, while there may be a legitimate argument that partial redemption should not have been effected in this case, at least not without proper allocation of the mortgage balance between the two parcels, see, e.g., Pitts v. AmericanFreehold Land Mortgage Co., 123 Ala. 469, 26 So. 286
(1899), subsequent appeal, 157 Ala. 56, 47 So. 242 (1908), the time for such an argument was when Samuel B. Garris, Jr., sent notice that he intended to make such a redemption.
Similarly, there is at least superficial conflict in the cases regarding who can redeem. There is language in cases such as Kelley v. Hurt, 217 Ala. 694, 117 So. 411
(1928), that "redemption necessarily involves the correlative idea of an interest in the thing sought to be redeemed." There is also language, however, such as the following:
 "But it is not necessary that he be interested in the entire property. If he owns the equity of redemption in any portion of them [sic], he may redeem the entire property. . . . The party so redeeming is entitled to hold the entire estate until he shall be reimbursed what he had paid beyond his just proportion. He is considered an assignee of the mortgage, and stands, after redemption, in the place of the mortgagee in relation to the other owners of the equity."
Francis v. White, 166 Ala. 409, 412, 52 So. 349, 350
(1910). It may be that the plaintiffs' liability on the note and their joinder in the mortgage of the two parcels in one instrument could have given them the right to redeem the entire property, as they argue. This argument, again, is one that should have been made in the proceeding instituted by the notice of intent to redeem given by Samuel B. Garris, Jr.[3]
Because they did not "redeem or commence an action to redeem" or make any *Page 582 
objection to the redemption by Samuel B. Garris, Jr., in the proceeding he instituted pursuant to § 6-5-231, "no further redemption by the parties so notified may be made." This holding, of course, does not affect plaintiffs' attempt to redeem the other parcel, as to which Samuel B. Garris, Jr., made no redemption and as to which plaintiffs' claim is apparently still pending below.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.
[1] No issue is presented as to the claims against J.P. McKee and the Federal Land Bank of Jackson.
[2] For simplicity, we do not distinguish the status of Edward Garris, Sr., and Joyce Garris from that of Edward Garris, Jr.
[3] This is not a case where one co-tenant seeks to contribute his pro rata share of the redemption price to a redeeming co-tenant and thereby regain his interest. SeeDominex, Inc. v. Key, 456 So.2d 1047 (Ala. 1984). To the extent that an analogy to such a theory could hold here, plaintiffs have no right to contribute to Samuel B. Garris, Jr., or his vendees, because the property he redeemed had been owned solely by his parents. Thus, although a suit to regain a share by contribution may lie after redemption, this suit may not.