SHORES, Justice.
This is the third appeal of this case to this Court. See Garris v. A & M Forest Consultants, Inc., 534 So.2d 577 (Ala.1988) (“Garris 7”), and Garris v. Federal Land Bank of Jackson, 584 So.2d 791 (Ala.1991) (“Garris II ”). Following its opinion in Garris II, this Court further explained its remand by an additional opinion in response to an application for rehearing; in their briefs in this present ease the parties refer to that rehearing opinion as Garris III. We must determine whether the trial court followed the instructions of this Court on remand.
*1036 The record reflects that in Garris I the plaintiffs[1] sued to redeem two parcels of real property that had previously been redeemed and sold. Garris I explains:
“Edward Daniel Garris, Sr., Joyce Garris, and Edward Daniel Garris, Jr., filed this action, seeking to redeem two parcels of real property. One parcel had been purchased at a foreclosure sale by the foreclosing mortgagee, defendant Federal Land Bank of Jackson; conveyed to defendant A & M Forest Consultants, Inc., which conveyed part of its interest to three individuals; redeemed by Samuel B. Gar-ris, Jr., the son of the former owners; and then conveyed by the redemptioner back to A & M and its grantees. The latter are hereinafter referred to as ‘the A & M defendants.’ The other parcel was likewise purchased at the foreclosure sale by the mortgagee, and then conveyed to defendant J.P. McKee. The trial judge granted summary judgment, made final pursuant to Rule 54(b), A.R.Civ.P., in favor of the A & M defendants, holding that the redemption by Samuel B. Garris, Jr., was a valid final redemption of his parents’ former property, and concluding that the plaintiffs have no enforceable right to redeem the property now owned by the A & M defendants.*”
"* No issue is presented as to the claims against J.P. McKee and the Federal Land Bank of Jackson.”
534 So.2d at 578. In Garris I, this Court affirmed the trial court’s summary judgment for the A & M defendants, “because the plaintiffs did not raise [their] objections prior to the redemption.” We noted that Samuel B. Garris, Jr., gave notice of his intent to redeem pursuant to § 6-5-230, Ala.Code 1975. Id. at 580.
In Garris II, we stated that in Garris I we had affirmed a summary judgment for the A & M defendants. We noted, however, that Count Two against the Federal Land Bank of Jackson was still alive. “Count two of the plaintiffs’ complaint, wherein the plaintiffs alleged that at the foreclosure sale the Bank had greatly exaggerated the amount due on the mortgage, remained pending.” Id. at 792. It was this Count II upon which the plaintiffs based an amended complaint. In Garris II, we considered whether the defendant Federal Land Bank properly executed a foreclosure sale of the plaintiffs’ property; specifically whether the property sold at foreclosure should have been offered in parcels rather than era masse. The trial court had dismissed with prejudice both the plaintiffs’ original complaint and their amended complaint against the Federal Land Bank, which alleged that the Bank’s sale of the real property era masse injured the plaintiffs. We reversed the dismissal and remanded the cause:
“Viewing the facts most favorable for the plaintiffs, we hold that there is a set of facts that could be proven to show that the Bank’s sale era masse injured the plaintiffs, and thus we reverse the trial court’s dismissal of the plaintiffs’ complaint as amended and remand the cause to the trial court for further proceedings consistent with this opinion. By reversing and remanding the case, we do not suggest that the trial court may not, after a hearing, determine that the plaintiffs have failed to prove that they are entitled to relief. In determining whether plaintiffs are entitled to relief, the court can apply equitable principles.”
584 So.2d at 795. On application for rehearing (Garris III), the Court on July 26, 1991, further clarified the remand, as follows:
“Because of the facts presented by the record on appeal, we held that we could not void the foreclosure sale, but we permitted the plaintiffs to have a hearing on their amended complaint, and we specifically authorized the trial court to ‘apply equitable principles’ in fashioning a remedy and stated that ‘when a court takes jurisdiction for one purpose, it will extend that jurisdiction so as to do complete justice and will mold its judgment to adjust the equities of the parties and to meet the necessities of each situation.’
“If, after a full hearing, the trial court, applying equitable principles, should determine that the purchasers were not, in fact, bona fide purchasers for value, then the *1037 trial court would have the power to fashion a judgment that would do equity in the premises.”
Id. at 795-796.
The record reflects that, after the receipt of Garris II and III, the trial court set the matter down for a pre-trial conference on August 28, 1991. At this conference, the trial judge discussed the remand of the case with counsel. At the conclusion of the hearing, the trial judge directed the attorney for the plaintiffs to prepare a proposed order reflecting the directions of the court. Apparently, this order was never prepared. The A & M defendants, who had been out of the case since November 18,1988, were not present, nor were they represented.
On June 8, 1992, the plaintiffs filed a two-count amendment to their complaint, alleging breach of fiduciary duty on the part of the Bank in handling the foreclosure sale in 1985, requesting that the foreclosure sale be held void, adding as additional parties the A & M defendants, alleging that the Bank and the A & M defendants had conspired to deprive the plaintiffs of their property, and seeking $2 million in damages. The A & M defendants filed a motion to dismiss the amended complaint, or, in the alternative, a motion to strike, on June 16, 1992. The Bank filed a motion to dismiss the amended complaint pursuant to Rule 41, A.R.Civ.P., and reasserted its pending motion for summary judgment filed on August 23,1991, as amended to include the plaintiffs’ amended complaint. The Bank also filed a motion to strike the second amended complaint and a motion to dismiss or strike the plaintiffs’ claim for punitive damages.
On July 29, 1992, the trial judge convened a hearing on all motions pending in this case. After oral argument, he entered a summary judgment for the Bank and the A & M defendants and granted the Bank’s motion to strike the claim for punitive damages. The final judgment reads as follows:
“The Court having convened a hearing on July 29,1992, for the purpose of considering oral arguments regarding all motions pending in this case and John W. Parker, Esquire, having appeared as the attorney for the plaintiffs Edward Daniel Garris, Joyce F. Garris and Edward Daniel Garris, Jr., and E. Elliott Barker, Esquire, having appeared as attorney for Federal Land Bank of Jackson, in Receivership and Joseph C. McCorquodale, III, Esquire, having appeared as attorney for defendants A & M Forest Consultants, Inc., Nelson Bed-sole Moseley, James F. Butts and Joseph C. McCorquodale, III; and the Court having considered the motions, supporting affidavits and evidentiary submissions, the briefs and oral arguments of the attorneys on behalf of the parties, and being of the opinion that the motion of the Federal Land Bank of Jackson, in Receivership (formerly known as Federal Land Bank of Jackson) pursuant to Rule 41(b) for dismissal filed on or about June 12, 1992, is due to be denied, said motion is hereby DENIED; and being of the opinion that the motion of the Federal Land Bank of Jackson, in Receivership to dismiss or in the alternative strike plaintiffs’ implied claims for punitive damages filed on June 15, 1992, is due to be GRANTED; and being of the opinion that the motion of the Federal Land Bank of Jackson, in Receivership for summary judgment filed on or about August 26, 1991, and reasserted by motion filed on or about June 12, 1992, is due to be GRANTED; and being of the opinion that the motion of A & M Forest Consultants, Inc., Nelson Bedsole Moseley, James F. Butts and Joseph C. McCorquo-dale, III, to dismiss the amended complaint or in the alternative to strike the amended complaint filed on June 16, 1992, and as supplemented by motion filed by said defendants on June 25, 1992, should be treated by the Court as a motion for summary judgment on behalf of said defendants and is due to be GRANTED;
“IT IS THEREFORE ORDERED AND ADJUDGED that the motion of the defendant Federal Land Bank of Jackson, in Receivership to dismiss or in the alternative to strike implicit claims for punitive damages is hereby GRANTED and to the extent the plaintiffs’ second amended complaint sought punitive damages of the Federal Land Bank of Jackson, in Receivership, said claims are DISMISSED; and further, pursuant to Rule 54(b), Ala.R.Civ. P., the Court expressly determines that there is no just reason for delay in the entry of final judgment in favor of the *1038 defendant Federal Land Bank of Jackson, in Receivership as to said implicit claims for punitive damages and the Court therefore expressly directs the entry of final judgment in favor of the defendant Federal Land Bank of Jackson, in Receivership as to all such claims for punitive damages; and
“IT IS FURTHER ORDERED AND ADJUDGED that the motion of defendant Federal Land Bank of Jackson, in Receivership, for summary judgment is hereby GRANTED and judgment is hereby rendered in favor of the defendant Federal Land Bank of Jackson, in Receivership and against each plaintiff as to all claims asserted by the complaint as amended; further, pursuant to Rule 54(b), Ala.R.Civ. P., the Court expressly determines that there is no just reason for delay in the entry of final judgment in favor of the defendant Federal Land Bank of Jackson, in Receivership and the Court therefore expressly directs the entry of final judgment in favor of the defendant Federal Land Bank of Jackson, in Receivership and against the plaintiffs on all claims asserted by plaintiffs by complaint as last amended; and
“IT IS FURTHER ORDERED AND ADJUDGED that the motion of defendants A & M Forest Consultants, Nelson Bedsole Moseley, James F. Butts and Joseph C. MeCorquodale, III, to dismiss the plaintiffs’ amended complaint or in the alternative to strike the amended complaint as supplemented by supplemental motion to dismiss or strike filed by said defendants on or about June 25,1992, is treated by the Court as a motion for summary judgment and is hereby GRANTED and judgment is hereby rendered in favor of the defendants A & M Forest Consultants, Nelson Bedsole Moseley, James F. Butts and Joseph C. MeCorquodale, III, and against each plaintiff as to all claims asserted by the complaint as amended. Further, pursuant to Rule 54(b), Ala.R.Civ.P., the Court expressly determines that there is no just reason for delay in the entry of final judgment in favor of the defendants A & M Forest Consultants, Nelson Bedsole Moseley, James F. Butts and Joseph C. MeCorquodale, III, and the Court therefore expressly directs the entry of final judgment in favor of each of those defendants.
“IT IS FURTHER ORDERED AND ADJUDGED that each party to this proceeding shall bear their own costs except that costs, if any, remaining unpaid to the clerk are taxed to the plaintiffs.
“DONE this 24th day of August, 1992.
7s/ WILLIAM I. BYRD
“CIRCUIT JUDGE — ACTIVE RETIRED”
The plaintiffs/appellants contend that, in granting the motions for summary judgment of the defendants/appellees, the trial court on remand failed to follow the instructions of this Court. We disagree.
On remand, the trial judge, seeking to proceed in an orderly fashion, held a pre-trial conference with counsel for the plaintiffs and the Bank, the A & M defendants having previously received a summary judgment. Almost a year later, the plaintiffs filed an amendment to their complaint. As stated above, motions were then filed by the Bank and the A & M defendants attacking that amended complaint.
At this point, the burden was upon the plaintiffs to respond to these motions with substantial evidence. However, there is no indication in the record that, on the date set for hearing, the plaintiffs sought to offer testimony in response to the motions of the defendants or to present evidence other than the affidavit of Edward Daniel Garris. His affidavit reads in part:
“Further, affiant submits that at no time was Samuel Garris being a nineteen year old college student able to financially afford the redemption of the river parcel and was orchestrated by the defendants in February 1986 causing a pass through of title within three weeks to the same defendants for the river parcel and that scenario not only has cost the affiant substantial sums of money to save his homeplaee in regard to the nearly $20,000.00 paid to the McKee Estate it further has cost the affi-ant some six years of litigation against the parties that the affiant feels namely A & M, Moseley, Butts and MeCorquodale were not bona fide purchasers as those parties defendant took title to the river *1039 parcel knowing that the affiant had sought to bid on the property at foreclosure in parcels which request was denied and knowing that they were going to use the affiant’s nephew to tender a notice of redemption so as to defeat the affiant’s redemptive rights as to the river parcel.”
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the “substantial evidence rule” (§ 12-21-12, Ala.Code 1975), for actions filed after June 11,1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present “substantial evidence,” i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
We have carefully reviewed the law and the record in this case, and we conclude that the trial court properly entered the summary judgment for the Bank and the A & M defendants. The plaintiffs’ amended complaint 1) alleged breach of fiduciary duty on the part of the Bank in handling the foreclosure sale in 1985; 2) requested that the foreclosure sale be held void; 3) added as additional parties the A & M defendants; 4) alleged that the Bank and the A & M defendants had conspired to deprive the plaintiffs of their property and sought $2 million in punitive damages.
The judgment of the trial court is due to be affirmed as to item 1 because, even viewing the evidence in a light most favorable to the nonmovant, Garris’s statement that he “feels namely A & M, Moseley, Butts and McCorquodale were not bona fide purchasers” is not substantial evidence to defeat the summary judgment motion; as to item 2 because this Court explained in Garris I that the foreclosure sale would not be held void; as to item 3 because the affirmance of the summary judgment for the A & M defendants in Garris I bars a restatement of the same claim, under the doctrine of res judica-ta, and because the record does not reflect service of process of the amended complaint on the A & M defendants; and as to item 4 because the amendment is barred by the statute of limitations for a conspiracy action, which is two years; § 6 — 2—38(i), Ala.Code 1975, as amended; Fullman v. Graddick, 739 F.2d 553 (11th Cir.1984).
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.

. Edward Daniel Garris, Sr., Joyce Garris, and Edward Daniel Garris, Jr.