I agree with Presiding Judge Robertson that the Carters presented substantial evidence to support their claims of fraudulent suppression and negligence; therefore, I concur in the reversal as to those claims. However, I conclude that the trial court properly entered summary judgment on the wantonness claim.
Our supreme court has defined "wantonness" as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.Bozeman v. Central Bank of the South, 646 So.2d 601 (Ala. 1994)."Alfa *Page 465 Mut. Ins. Co. v. Roush, 723 So.2d 1250, 1256 (Ala. 1998). The Carters presented evidence indicating that Chrysler had decided not to follow the procedures of Alabama's. "Lemon Law" and, instead, had agreed with the Alabama attorney general's office to institute a procedure to ensure that automobiles subject to that law would not be sold in Alabama. The Carters also presented evidence indicating that a clerical employee at Chrysler inadvertently omitted a notation stating that Chrysler was not to sell the automobile in Alabama, and evidence indicating that the Carters purchased the automobile in Alabama. I cannot conclude that this is substantial evidence of wanton conduct. Therefore, as to the wantonness claim, I dissent from the reversal of the summary judgment.
THOMPSON, J., concurs.